# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America | **ORDER OF DETENTION PENDING TRIAL** |
| v. | |
| Soubhie Assi          / | Case Number: 96-80385 |
| Defendant | |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

❏ (1) I find that:
  ❏ there is probable cause to believe that the defendant has committed an offense
  ❏ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;
  ❏ under 18 U.S.C. § 924(c).

❏ (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

✓ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

❏ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

✓ I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):
  ✓ (a) nature of the offense - False Personation (18 U.S.C. § 912) - Impersonating an FBI Agent. Indictment returned on February 11, 1997.
  ✓ (b) weight of the evidence - Indictment constitutes probable cause.
  ✓ (c) history and characteristics of the defendant -
    ✓ 1) physical and mental condition - Good health.
    ✓ 2) employment, financial, family ties - Minimal contacts with the United States but substantial contacts, property and employment in Canada.
    ✓ 3) criminal history and record of appearance - No criminal history.
  ❏ (d) probation, parole or bond at time of the alleged offense -
  ❏ (e) danger to another person or community -

The charged conduct occurred in April, 1996. Defendant is accused of detaining two persons by impersonating an FBI agent. He was in the U.S. on application for refugee status. His application was denied, and he was deported in July, 1996. He subsequently became a Canadian citizen. He retained counsel on this matter 12 years ago. He remained outside the U.S. while efforts were made to resolve the matter. Defendant has an outstanding state warrant relating to child support, although the underlying obligation has been resolved. INS has also lodged a detainer. Pretrial recommends detention based on Defendant's lack of family and community ties to this country. I am disturbed by the 12 year failure to achieve a resolution of these serious charges. I am simply not convinced that Mr. Assi would appear for trial if he were released on bond. This case is already long overdue for disposition, and I question whether it could be effectively presented if defendant were to abscond again. I find that this person presents an unacceptable risk of non-appearance if released on bond.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| | s/Donald A. Scheer |
| Date: October 26, 2009 | *Signature of Judge* |
| | Donald A. Scheer, United States Magistrate Judge |
| | *Name and Title of Judge* |